IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | 8:07CR83 |
| vs.       ) | |
| ) | ORDER |
| MARK ALAN MEHNER,       ) | |
| ) | |
| Defendant.       ) | |

On June 4, 2009, hearing was held on the defendant's Motion (Doc. 100) pursuant to Fed. R. Crim. P. 16 to compel the government to produce grand jury testimony, exculpatory evidence, and all items and information material to his defense, i.e.,

▸ All material to which the defendant is entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2, including all statements made in the grand jury proceedings by witnesses called by the government at the suppression hearing held on June 5, 2008, and June 12, 2008.[1]

▸ All other grand jury testimony, charges and minutes of all of the proceedings.

▸ All writings generated from the search discussed by Omaha Police Officer Dean Miller at 1201 N. 138th Circle, Omaha, Nebraska, on or about February 27, 2007, to include: inventory of items/documents taken, list of participants, inventory of items/documents reviewed, and all reports generated discussing the same.[2]

▸ The names, addresses, and statements of all persons who have been interviewed by an agent of the government in connection with the subject matter of this case whether the government intends to call them at trial or not.

---

[1] The witness list (Doc. 72) indicates that the government called Jeffrey B. Farnham, Michael F. Scahill, Dean Miller, and Matt Loux as witnesses at the suppression hearing.

[2] As discussed in my August 26, 2008 Report and Recommendation (Doc. 79), Omaha Police Detective Dean Miller and U.S. Secret Service Special Agent Matt Loux participated in executing a writ of entry to defendant Mehner's property on or about February 26, 2007. They entered the residence, took an inventory, and made a videotape showing how it looked inside and demonstrating that the officers did not damage anything. The writ of entry was procured in a civil forfeiture action, *United States v. Lots 32 and 33, Linden Estates, et al.*, Case No. 8:07-cv-00079-JFB-TDT.

- The criminal records of all persons the government intends to call as witnesses at trial.[3]

- A statement setting forth any and all evidence that any prospective Government witness is biased or prejudiced against the Defendant, or has a motive to falsify or distort his or her testimony (citing *Pennsylvania v. Ritchie*, 480 U.S. 49 (1987)).

- Any information adverse to the credibility of any government witness, including: (i) inconsistent statements made by the witness; (ii) false statements made by the witness (or omissions of material facts) during the course of interview by law enforcement officials.

- All investigative notes and reports prepared in connection with the investigation of this case to include copies of all "rough notes" of S.A. Loux, Omaha Police Detective Dean Miller and other law enforcement investigative officers, including the underlying memoranda, that contain materials subject to disclosure pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. Additionally, copies of all "rough notes" of USCG, CGIS and other federal investigative officers concerning the investigation of this case.

- A list of the electronic emails provided to investigators by Pastor Thomas K. Schmitt on January 19, 2006, and copies of the electronic emails not provided on the discovery disc.

- Insurance coverage statements shown to John Prososki.

- All wiretap applications, orders, tapes, transcripts and related material concerning Defendant. All records of any electronic surveillance which relates in any way whatsoever to the Defendant, the cause of action, or the general subject matter of this case, including any and all tape recorded conversations or transcripts thereof or other electronically obtained information of whatever kind made in connection with this case.

- Any/all information, including all pleadings, related to the two "ex parte orders" referenced in Loux United States Secret Service Investigative Report(s) dated 6/16/06-8/17/06 and 10/24/06.[4]

- A witness list, copy of exhibits, and a list of discovery documents that the Government does not intend to offer at trial.

To date, the defendant has been represented by four attorneys in this case, three of whom are still counsel of record. At the arraignment on February 27, 2007, the government adopted an open

---

[3] The government's response indicates that, except as may be reflected in the reports already produced, the plaintiff has not conducted criminal records checks on its prospective witnesses.

[4] Apparently, the *ex parte* matters were applications for the disclosure of tax records. Plaintiff's counsel states that neither the tax records nor the applications will be used as evidence at trial; however, defense counsel have been given copies of all tax records obtained pursuant to the *ex parte* order. (Doc. 106 at p. 3/4).

-2-

file policy regarding discovery. At that time, defense counsel Anthony Troia was given a disc which contained several thousand documents comprising the "hard copy" documents then in the possession of the United States.

Attorney Steven Achelpohl entered his appearance in July 2007[5] and was given a copy of the disc on or about October 20, 2007.

During a suppression hearing on June 5, 2008, the parties discovered that the defense did not have copies of all the reports authored by the assigned case agent, Secret Service Agent Matt Loux. In response to this motion (Doc. 106), plaintiff's counsel has explained that these documents were omitted from the original discovery disc because they were sent to the U.S. Attorney's Office as e-mail attachments and saved to a computer directory. The discovery disc included only "hard copy" documents which were scanned and converted to .pdf format. Plaintiff's counsel advises that the missing documents were provided as attachments via e-mail to defense attorneys Stu Dornan and Jason Troia. Defense counsel were also allowed to come to the U.S. Attorney's Office on August 27, 2008 and review in person all of the documents related to this case that had been provided to, or secured by, the prosecution as of that date.

Defendant's motion alleges that former counsel, Steve Achelpohl spoke to Agent Loux on September 11, 2007[6], at which time Loux told Achelpohl that he had "'lots' of information he had not turned over to the defense.'" By affidavit (Ex. 1), Agent Loux states that he had no memory of speaking with Mr. Achelpohl on September 11, 2007 or making the alleged statement. In any event, it was his duty to give any relevant documents to the U.S. Attorney, not to defense counsel. Loux states that he has no memory of the insurance coverage statements shown to John Prososki or why he had asked Prososki to look at them. The U.S. Secret Service does not have copies of these insurance coverage statements. Finally, Agent Loux avers that he has provided the U.S. Attorney's Office with copies of every document in the possession of the U.S. Secret Service relating to these

---

[5] Mr. Achelpohl withdrew from the case on March 6, 2008.

[6] The government advises in its brief (Doc. 106) that Agent Loux was in Maquoketa, Iowa on September 11, 2007, "doing an advance for then presidential aspirant Barack Obama."

-3-

criminal charges, and there were no wiretap or electronic surveillance records associated with this case.

Defendant's motion seeks an order compelling the production of all the recorded grand jury testimony of Jeffrey B. Farnham, Michael F. Scahill, Dean Miller, and Agent Matt Loux. The broad demand is not limited to exculpatory information, *see Brady v. Maryland*, 373 U.S. 83 (1963), or testimony that must be produced pursuant to Fed. R. Crim. P. 26.2 or the Jencks Act. In order to justify the disclosure of grand jury materials not covered by *Brady*, Rule 26.2 or the Jencks Act, the defendant must make a showing of "particularized need." *Thomas v. United States.* 597 F.2d 656, 658 (8th Cir. 1979).[7] A defendant's bare allegation that the records of the grand jury are necessary to determine whether there is a defect in the grand jury process does not constitute a showing of particularized need. *United States v. Broyles,* 37 F.3d 1314, 1318 (8th Cir. 1994). I find that the defendant has not made the necessary showing of particularized need for the grand jury materials he has requested.

Based on government counsel's professional representations, the court finds that the defendant has received all the discovery to which he is entitled under Fed. R. Crim. P. 16. "'[A]lthough in many cases the government freely discloses Jencks Act material to the defense in advance of trial, ... the government may not be required to do so.'" *United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996) (quoting *United States v. White*, 750 F.2d 726, 729 (8th Cir. 1984)). *See also United States v. Williams*, 165 F.3d 1193, 1196 n.4 (8th Cir. 1999). Although the court may order the government to disclose its witness list for trial, criminal defendants have no right in noncapital cases to require disclosure of the list of government witnesses under Rule 16. *United States v. White,* 750 F.2d 726, 728 (8th Cir. 1984). Finally, the defendant has not persuaded this court that any of the information he demands is exculpatory.

---

[7]Although a defendant is not required to demonstrate a particularized need with respect to the records used in the jury selection process, *see United States v. Stanko*, 528 F.3d 581, 587 (8th Cir. 2008), the court does not understand Mr. Mehner's motion to pertain to any challenge to the jury selection process.

For these reasons,

**IT IS ORDERED** that defendant's Motion to Compel (Doc. 100) is denied.

Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" no later than **Monday, June 15, 2009.**

**DATED June 10, 2009.**

                                        **BY THE COURT:**

                                        s/ **F.A. Gossett**
                                        **United States Magistrate Judge**