IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
           Plaintiff,        )         8:07CR83
                             )
      v.                     )
                             )
MARK ALAN MEHNER,            )         MEMORANDUM OPINION
                             )
           Defendant.        )
_____)
```

This matter is before the Court on defendant's defendant's motion to stay execution of sentence (Filing No. 177), his motion to set aside or vacate his plea filed pursuant to 28 U.S.C. § 2255 (Filing No. 178), his brief in support of his motions to stay execution and to set aside or vacate his plea (Filing Nos. 179), and his index of evidence in support of his motions (Filing No. 180). The Court ordered the government to respond (Filing No. 183) and they filed an answer (Filing No. 184), a brief in opposition to defendant's motions (Filing No. 185), and an index of evidence in support of their opposition to defendant's motions (Filing No. 186). Having reviewed the motions and the responses, the Court finds that a further hearing is not necessary.

On July 6, 2009, immediately prior to proceedings for selection of a jury, the defendant entered a plea of guilty to Count I of the indictment pursuant to an oral Rule 11(c)(1)(C) plea agreement (See Transcript, Filing No. 148). On September

25, 2009, the Court sentenced defendant in accordance with that plea agreement to thirty-six (36) months in prison, followed by a term of four years of supervised release (See Judgment, Filing No. 162).  No appeal was taken by the defendant or the government from the defendant's conviction or sentence in this matter.

At the sentencing hearing, the Court suspended execution of the sentence until Monday, January 4, 2010, releasing defendant on the same terms and conditions he had been released pending trial and sentencing in this matter.

On December 30, 2009, defendant filed a motion seeking a stay of execution of his sentence (Filing No. 170).  The motion included attachments consisting of an index of evidence in support of his motion.  On that same date, the government filed a brief in opposition to defendant's motion (Filing No. 173).  A hearing was held on December 31, 2009, with the defendant present, at which time the Court, after hearing argument, denied defendant's motion (Filing No. 174).

Following these events, the defendant filed the motion which is presently pending before the Court.  The first issue defendant raises is a claim that his plea was the result of a threat by the prosecutor that Mehner's entire immediate family would be indicted for mortgage fraud if he didn't plead.  This allegation is simply false.  At the Rule 11 hearing, the

defendant, after being placed under oath, was asked the following questions by the Court, and he made the following answers:

> THE COURT: * * *
>
> Have you and your counsel discussed the evidence which the government would use to prove these charges against you, and in particular the charges contained in Count I?
>
> THE DEFENDANT: I -- we have.
>
> THE COURT: All right. Have you discussed with them any defenses or any mitigating circumstances that might be available to you if you went to trial?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anyone forced you in any way or threatened you in any way that causes you to decide to enter this plea agreement?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Okay. Are you satisfied that your decision to enter a plea of guilty to Count I of the indictment is a voluntary, knowing and understanding decision on your part?
>
> THE DEFENDANT: Yes, sir.

Transcript (Filing No. 148), p. 6:18 through p. 7:8.

In addition, both of defendant's counsel, Mr. Troia and Mr. Dornan, have signed affidavits that no such threat was made by the United States Attorney.

-3-

The defendant also claims that he has received ineffective assistance of counsel. Again, under oath at the hearing on July 6, 2009, the following questions were asked of the defendant, and he made the following answers:

> THE COURT: Now, Mr. Troia has I think represented you from the time these charges were first filed; is that correct?
>
> THE DEFENDANT: Anthony Troia did and still is, and then Mr. Jason Troia was hired.
>
> THE COURT: And then Mr. Dornan has represented you for, what, the last three or four months, maybe longer?
>
> MR. DORNAN: At least, Judge, yes, sir.
>
> THE COURT: Yeah. Have they been available to discuss this case with you, to discuss your right to trial, discuss the trial of the case, and discuss your right to plea bargain with the government?
>
> THE DEFENDANT: They have.
>
> THE COURT: Do you have any objections at all to the manner in which they have represented you up to this time?
>
> THE DEFENDANT: No, sir.

Transcript (Filing No. 148), p. 5:24 through p. 6:14.

All of the above testimony was under oath after the Court had reviewed with the defendant the fact that he had completed college, obtaining a degree in business, from the

-4-

University of South Dakota, which he subsequently modified to the effect that he received the degree from Buena Vista College after attending the University of South Dakota.  The defendant has also testified that he has received a J.D. (Juris Doctorate degree) from the University of Missouri at Kansas City.

In addition to the foregoing issues, the defendant claims (1) that the government violated its *Brady* and *Giglio* objections to disclose exculpatory evidence, that the government withheld evidence conclusively proving that Loux engaged in an illegal search and seizure; that the government has proffered misleading evidence and failed to disclose discoverable materials, and ineffective assistance of counsel.  There are other categories listed, but they generally fall under one or more of the above.

These claims, with the exception of ineffective assistance of counsel, can be easily disposed of on two grounds.  The defendant failed to file an appeal with the United States Court of Appeals for the Eighth Circuit, appealing either his conviction or sentence in this matter.  The above identified claims are all claims that should have been raised on appeal as they had been addressed in pretrial motions, and he had received adverse rulings.  Defendant has made no showing as to why he did not appeal these adverse rulings following his conviction and sentence.  This Circuit has long held that a § 2255 proceeding is

not a substitute for direct appeal.  *See Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987), and claims that could have been presented on direct appeal will not be considered in a § 2255 proceeding absent a showing of cause to raise the issue and actual prejudice resulting from that failure.

No cause has been shown or even suggested by the defendant in this § 2255 motion now before the Court.  In addition, the United States Court of Appeals for the Eighth Circuit has held that by pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction.  *See Smith v. United States*, 876 F.2d 655 (8th Cir. 1989), wherein the Court stated:

> In pleading guilty, a defendant waives all challenges to the prosecution except those related to jurisdiction.  *O'Leary v. United States,* 856 F.2d 1142, 1143 (8th Cir. 1988)(per curiam).  Thus, Smith has waived his claims on search and seizure, privilege against self-incrimination, and failure to disclose favorable evidence.

With respect to his claim of incompetence of counsel, the Court has reviewed defendant's brief and attached documents, the government's response and the documents it submitted in support of its response and finds that defendant's claim of ineffective assistance of counsel should be denied.  It is clear that counsel were diligent in filing motions seeking to suppress

evidence, seeking to compel the production of evidence which the defendant claims he was entitled to.  The magistrate judge heard the evidence and the arguments, and ruled against the defendant, and This Court has approved and adopted his opinion.  If there was error in those proceedings, it should have been raised on appeal.

After review of the briefs and the evidence submitted in support of the motion, the Court is satisfied that defendant's motion is without merit and should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 8th day of February, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court